DANIEL H. HANDMAN (SBN 236345)
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

ADAM MALDONADO (SBN 267002)
HIRSCHFELD KRAEMER LLP
456 Montgomery Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
INTERNATIONAL LINE BUILDERS,
INC.; MDU CONSTRUCTION SERVICES
GROUP, INC.; MDU RESOURCES
GROUP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY QUAY ESPARZA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL LINE BUILDERS, INC.; MDU CONSTRUCTION SERVICES GROUP, INC.; MDU RESOURCES GROUP, INC. and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (A)(B), 1446**<br><br>**[Riverside Superior Court Case No.: CVRI2102652]**<br><br>**Complaint Filed:** June 1, 2021 |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, Defendants International Line Builders, Inc., MDU Construction Services Group, Inc., and MDU Resources Group, Inc. ("Defendants") hereby remove the above-titled action (the "Action") filed by Plaintiff Ashley Quay Esparza ("Plaintiff") in the Superior

Court of the State of California for the County of Riverside (the "State Court") to the United States District Court for the Central District of California.

This removal is proper because, as set forth below, this Court has jurisdiction over Plaintiff's individual claims pursuant to 28 U.S.C. § 1332(a). First, complete diversity exists because Plaintiff is a citizen of California while Defendants are citizens of Delaware where they are separately incorporated. Second, the amount in controversy far exceeds the statutory requirement of $75,000.

## I.   PROCEDURAL BACKGROUND

On or about June 1, 2021, Plaintiff Ashley Quay Esparza ("Plaintiff"), initiated this Action in the State Court by filing a complaint ("Complaint") entitled *Ashley Quay Esparza v. International Line Builders, Inc.; MDU Construction Services Group, Inc.; MDU Resources Group, Inc. and DOES 1 through 25, inclusive*, Case No. CVRI2102652. Declaration of Adam Maldonado ("Maldonado Decl.") at ¶ 3, Exhibit A. The Complaint alleged ten causes of action arising under California law: (1) wrongful termination in violation of public policy; (2) retaliation in violation of California Labor Code section 1102.5; (3) retaliation in violation of California Labor Code section 6310; (4) failure to pay overtime wages in violation of the California Labor Code; (5) failure to provide meal periods in violation of the California Labor Code; (6) failure to provide rest periods in violation of the California Labor Code; (7) failure to provide accurate itemized wage statements in violation of the California Labor Code; (8) failure to pay wages due upon separation in violation of the California Labor Code; (9) failure to reimburse for expenses in violation of California Labor Code section 2802; and (10) violation of the unfair competition law, Business and Professions Code section 17200, et. seq. *Id.*

Defendants were served with a copy of the Complaint on July 14, 2021. Maldonado Decl., ¶ 4, Exhibit B.

///

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants filed this removal within 30 days of Defendants' first receipt of service of a copy of the Complaint.

Defendant filed and served their Answer in the Action on August 13, 2021. Maldonado Decl., ¶ 5, Exhibit C

## II.     DIVERSITY JURISDICTION

This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

This Court is in the judicial district and division embracing the place where the State court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

### A.     There is Complete Diversity of Citizenship

"Diversity jurisdiction under § 1332 requires complete diversity of citizenship [;] each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F3d 1089, 1095 (9th Cir. 2004). The citizenship of "Doe" defendants 1 through 50 is disregarded for purposes of removal jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

#### 1.     Plaintiff's Citizenship

A natural person is a "citizen" of a particular state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state. *Id.* One's domicile is her "permanent home," that is, where she resides with the intention to remain or to which she intends to return. *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

Plaintiff alleges in the Complaint that she is, and was at all relevant times, a California resident residing in the State of California. Complaint at ¶ 6. Plaintiff alleges that she was employed in California, and performed her work in the County of Santa Clara, California. *Id.* This permanent residence in California renders her a California citizen for purposes of the diversity statute. *Id.*

### 2. Defendants' Citizenship.

Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990). At the time of the commencement of this action, and at all times thereafter, Defendants International Line Builders, Inc., MDU Construction Services Group, Inc., and MDU Resources Group, Inc. were corporations organized under the laws of the State of Delaware. Declaration of Britney Hendricks ("Hendricks Decl.") ¶ 5.

Defendants are also citizens of the state in which they maintain their "principal place of business." The United States Supreme Court adopted the "nerve center" test to determine a corporation's principal place of business, which "normally will be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010).

#### a. International Line Builders, Inc.

Here, International Line Builders, Inc., maintains its principal place of business in Tualatin, Oregon. Hendricks Decl. at ¶6.

Many of International Line Builders, Inc.'s officers or directors reside and work in the Tualatin, Oregon area and when important corporate decisions are made about the company's busines, they are made in Tualatin, Oregon. *Id.* Because it is

the location where the majority of the affairs of the company are directed, International Line Builders, Inc.'s "principal place of business" is in Tualatin, Oregon.

In addition, nationwide management operations, including Human Resources, Accounting, Payroll, Finance, the Controller, and Executive Management officers operate from the Tualatin, Oregon headquarters – International Line Builders, Inc.'s principal place of business. Hendricks Decl. at ¶7.

As a result, International Line Builders, Inc. is a citizen of Oregon and Delaware, but is not a citizen of California.

### b.     MDU Construction Services Group, Inc.

MDU Construction Services Group, Inc., maintains its principal place of business in Bismarck, North Dakota. Hendricks Decl. at ¶ 8.

The large majority of MDU Construction Services Group, Inc.'s officers reside and work in the Bismarck, North Dakota area and when important corporate decisions are made about the company's busines, they are made by those officers in Bismarck, North Dakota. *Id.* Because it is the location where the company's senior management is located and the location from which the affairs of the company are directed, MDU Construction Services Group, Inc.'s "principal place of business" is in Bismarck, North Dakota.

In addition, the company's quarterly scheduled Executive Board Meetings, and nationwide management operations and control of all of the company's entities, including their Human Resources, Marketing, and Finance Departments operate from the Bismarck, North Dakota headquarters – MDU Construction Services Group, Inc.'s principal place of business. Hendricks Decl. at ¶ 9.

As a result, MDU Construction Services Group, Inc. is a citizen of North Dakota and Delaware, but is not a citizen of California.

### c. MDU Resources Group, Inc.

MDU Resources Group, Inc. maintains its principal place of business in Bismarck, North Dakota. Hendricks Decl. at ¶ 10.

The large majority of MDU Resources Group, Inc.'s officers reside and work in the Bismarck, North Dakota area and when important corporate decisions are made about the company's business, they are made by those officers in Bismarck, North Dakota. *Id*. Because it is the location where the company's senior management is located and the location from which the affairs of the company are directed, MDU Resources Group, Inc.'s "principal place of business" is in Bismarck, North Dakota.

In addition, nationwide management operations, quarterly Executive Board Meetings, and control for all of the company's entities, including their Human Resources, Legal, Information Technology, Marketing, Payroll and Finance Departments operate from the Bismarck, North Dakota headquarters – MDU Resources Group, Inc.'s principal place of business. Hendricks Decl. at ¶ 11.

As a result, MDU Resources Group, Inc. is a citizen of North Dakota and Delaware, but is not a citizen of California.

### B. Amount in controversy exceeds $75,000

Under 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699-701 (9th Cir. 2007). To that end, the Court must consider any "sums [that] would entail a payment" by the defendant(s), *including* damages for lost wages,

///

compensatory damages, punitive damages, and attorneys' fees. *Id.* at 701, emphasis added.

Here, while Defendants summarily deny Plaintiff's factual allegations and deny that Plaintiff is entitled to the relief she seeks in her Complaint, the amount in controversy unquestionably exceeds $75,000.

- During her alleged employment with Defendants, Plaintiff—who was employed at various times as an hourly and salaried employee throughout her employment— earned, at the conclusion of employment, an annual salary of $74,984. Hendricks Decl. at ¶ 12.
- In addition to her annual salary, Plaintiff received annual bonuses based on company performance in a given year. Hendricks Decl. at ¶ 13. In 2020, Plaintiff received an annual bonus of approximately $3,500, and in 2021 Plaintiff received an annual bonus of approximately $3,500. *Id.*
- Plaintiff was terminated on March 1, 2021, which is now approximately 5 months ago. Compl. at ¶ 53; Hendricks Decl. at ¶ 14.
- Plaintiff alleges she is entitled to "past and future lost wages, benefits, and other monies wrongfully withheld and retained by Defendants," in an amount to be determined. Compl. at ¶ 129.
- Plaintiff also alleges that she is entitled to emotional distress damages. Compl., Prayer for Relief at ¶ 3.
- Plaintiff asserts that she has incurred, "and will continue to incur," attorneys' fees and costs. Compl. at ¶ 130, Prayer for Relief at ¶¶ 5, 13.
- Finally, Plaintiff is seeking punitive damages against Defendants. Compl., Prayer for Relief, at ¶ 9.

Based on the above, Defendants have a reasonable and good faith belief that the amount in controversy, as alleged and pled in this action by Plaintiff, easily exceeds $75,000, exclusive of interest and costs. For example, five months at an annual rate of $74,984 amounts to $31,243.33. In addition, Plaintiff is seeking a "waiting time" penalty under Cal. Labor Code §203, which would be worth $8,652 [$74,984 /2,080 hours in a year x 8 hours in a day x 30 days]. Together, those amounts total $39,895.33. This amount will only increase as litigation unfolds.

Plaintiff is also seeking additional damages which will only add to that total, namely for:

(1) "constantly" working overtime without "correct [] compensation" (Compl. at ¶ 45).

(2) "often" missing meal and rest breaks purportedly required under California law (Compl. at ¶ 44); and

(3) allegedly receiving improper wage statements (Compl. at ¶¶ 109-14).

These damages will serve only to increase the actual damages sought by Plaintiff.

It is also well-settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. Section 1332(a), a court must consider a claim for punitive damages and an award of attorney's fees. *See, e.g. Gaut G/S v. JSS Scandinavia*, 142 F.3d 1150, at 1155 (9th Cir. 1998). The same is so regarding purported punitive damages. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963)("If made in good faith, punitive damages may be included in computing the amount necessary for federal jurisdiction.").

In *Guglielmino*, for example, the Ninth Circuit found that a defendant had established that the amount in controversy exceeded $75,000 by relying upon a formula which calculated punitive damages at a 1:1 ratio with actual damages and attorney's fees at a ratio of 1:8 with actual damages. *Guglielmino, supra,* 506 F.3d at 700-701. If those same ratios were applied here, then the amount in controversy

would be **$84,777.54** [($39,895.33 x 2) + ($39,895.33 x 1/8)], plus the many other damages alleged, including emotional distress damages and damages associated with what Plaintiff alleges are significant missed meal and rest breaks under the California Labor Code.

### III.  CONCLUSION

Based on the foregoing, this Court has jurisdiction over this action under the provisions of 28 U.S.C. Section 1332, in that this action involves a controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.  Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446.

### IV.  NOTICE TO STATE COURT

A Notice to the State Court of Removal is concurrently being filed with the Superior Court of the State of California in and for the County of Riverside and will be served on Plaintiff, as required under 28 U.S.C. § 1446(d).  Maldonado Decl. ¶ 6.

Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal.  Maldonado Decl. ¶ 7.

Dated:  August 13, 2021                         HIRSCHFELD KRAEMER LLP

By: /s/ Adam Maldonado
Adam Maldonado
Daniel H. Handman
Attorneys for Defendants
INTERNATIONAL LINE BUILDERS, INC.; MDU CONSTRUCTION SERVICES GROUP, INC.; MDU RESOURCES GROUP, INC.

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 456 Montgomery Street, Suite 2200, San Francisco, California 94104. On August 13, 2021, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (A)(B), 1446**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On August 13, 2021, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☒ by **email**. Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business. On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the persons listed below.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE
CASE NO.:

4833-7113-7270

| | |
|---|---|
| 1 | ☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor. |

**Attorneys for Plaintiff, Ashley Quary Esparza:**

Joshua Cohen Slatkin, Esq.
Law Offices of Joshua Cohen Slatkin
11620 Wilshire Boulevard, Suite 900
Los Angeles, CA  90025
Telephone:     (310) 627-2699
Facsimile:     (310) 943-2757
Email:         jcohenslatkin@jcslaw4you.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on August 13, 2021 at San Francisco, California.

*/s/ Cheri McCaffrey*
_____
Cheri McCaffrey